# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

SEATIME, LLC,

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S OF LONDON SUBSCRIBING
TO UMR NO. B0750RMAMY2211305,
CERTIFICATE NO. SWY000469-00,

    Defendant.

_____/

## COMPLAINT

Plaintiff, SEATIME, LLC ("Seatime"), by and through its undersigned counsel, sues Defendant, CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON SUBSCRIBING TO UMR NO. B0750RMAMY2211305, CERTIFICATE NO. SWY000469-00 ("Lloyds"), and alleges as follows:

## PARTIES

1. Seatime is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in Miami, Florida.

2. Lloyds is an unincorporated association of insurance underwriters based in the United Kingdom, which issued a marine insurance policy to Seatime.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over these claims pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is

between citizens of different states and a foreign entity. Seatime is a limited liability company organized under the laws of Delaware with its principal place of business in Florida, while Lloyds is an unincorporated association of insurance underwriters based in the Untied Kingdom.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and (2) because Lloyds conducts business in this district, and a substantial part of the events giving rise to these claims occurred in this district.

## FACTUAL BACKGROUND

5. On or about September 17, 2023, Lloyds issued a Seawave Yacht Insurance Policy, policy no. SWY000469-00 (the "Policy"), to Seatime, providing $400,000 in coverage for Seatime's vessel, a 2009 54' Azimut, hull identification no. GOB2C016I809, M/Y BLOOP BLOOP (the "Vessel"), including theft. A true and correct copy of the Policy is attached hereto as Exhibit A.

6. On or about April 22, 2024, the Vessel was stolen from its slip at Dinner Key Marina in Miami, Florida, and as of the date of this complaint, the Vessel has not been recovered.

7. Seatime promptly reported the loss to Lloyds on April 30, 2024, and requested coverage under the Policy for the loss.

8. Despite Seatime's compliance with the terms of the Policy, Lloyds has wrongfully refused to provide coverage for the loss, and instead sued Seatime, alleging misrepresentation and non-disclosure.

## COUNT I: BREACH OF CONTRACT

9. Seatime re-alleges and incorporates by reference paragraphs 1 through 8 as if fully set forth herein.

10. The Policy constitutes a valid and binding contract between Seatime and Lloyds.

11. Seatime fully performed its obligations under the Policy by paying all premiums and providing timely notice of the loss as required.

12. Lloyds breached the Policy by wrongfully denying coverage for the loss of the Vessel without a valid basis under the terms of the Policy.

13. As a direct and proximate result of Lloyds's breach, Seatime has suffered damages, including but not limited to the loss of the Vessel and associated financial losses.

WHEREFORE, Seatime respectfully demands judgment in its favor and against Lloyds for damages, including interest, attorney's fees, costs, and any other relief the Court deems just and proper.

### COUNT II: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

14. Seatime re-alleges and incorporates by reference paragraphs 1 through 8 as if fully set forth herein.

15. Under Florida law, every contract includes an implied covenant of good faith and fair dealing.

16. Lloyds breached this implied covenant by failing to investigate the loss fairly and in good faith, by asserting baseless defenses to deny coverage, and by refusing to pay for the loss of the Vessel.

17. As a result of Lloyds's breach of the implied covenant of good faith and fair dealing, Seatime has suffered damages, including but not limited to the loss of the Vessel and associated financial losses.

WHEREFORE, Seatime respectfully demands judgment in its favor and against Lloyds for damages, including interest, attorney's fees, costs, and any other relief the Court deems just and proper.

### COUNT III: DECLARATORY RELIEF (28 U.S.C. § 2201)

18. Seatime re-alleges and incorporates by reference paragraphs 1 through 8 as if fully set forth herein.

19. An actual, substantial, and justiciable controversy exists between Seatime and Lloyds regarding their respective rights, obligations, and liabilities under the Policy concerning the loss of the Vessel.

20. Pursuant to 28 U.S.C. § 2201, Seatime seeks a declaration from this Court that the loss of the Vessel is covered under the Policy and that Lloyds is obligated to provide coverage for the loss in accordance with the terms and conditions of the Policy.

21. Such a declaratory judgment is necessary and appropriate at this time to resolve the dispute between the parties and to afford Seatime the relief to which it is entitled under the Policy.

WHEREFORE, Seatime respectfully demands a declaratory judgment in its favor, declaring that the Policy covers the loss of the Vessel and that Lloyds is obligated to provide coverage, and awarding Seatime its attorney's fees, costs, and any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Seatime hereby demands a trial by jury on all issues so triable as a matter of right.

Dated:  August 26, 2024

Respectfully submitted,

**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

By: *s/  Jose M. Ferrer*
Jose M. Ferrer, Esq.
Florida Bar No. 173746
jose@markmigdal.com
Desiree Fernandez, Esq.
Florida Bar No. 119518
desiree@markmigdal.com
eservice@markmigdal.com